White, J.
The ground mainly relied upon in argument, for the reversal of the judgment in this case, is, that the title to land acquired in 1829, for the extension of the market-space, from Walnut to Tine streets, is held by the city in trust for market purposes.
The trust is supposed to arise from the terms of the conveyances, as to the part of the property embraced by the deeds which declare the use, and as to the other part as to which no use is declared by the deeds, it is claimed to arise from the object for which the property was acquired by the city, and from the ordinances of the city 568] in respect to it. *From the grounds thus assumed, it is argued that the removal of the market-house, and the erection of the fountain, will be an abuse of the trust, and a diversion of tho trust property. •
This view we regard as erroneous. None of the deeds are properly deeds of trust. All the estate granted, both legal and equitable, is vested in the grantee. The east half and that part of tho west half conveyed by absolute deeds, is vested in the city as an absolute estate in fee. The residue of the property is held by the city as a conditional fee. In the latter case, the estate may endure forever, but it is determinable whenever the property ceases to be used for the purposes specified in the grant, and, when determined, it reverts to tho grantor.
The grantee in this case being a corporation, its capacity to acquire and hold estates, is, of course, limited by its charter, whatever may be the terms of tho conveyance. But we find ample power conferred on the city, by the charter in force at the time of these conveyances, to acquire all such real estate as might be deemed necessary for municipal purposes, and to take therefor the absolute title in fee. This power is independent of the authority given to the city to appropriate property in invitum for certain objects specified in the charter; and the title acquired by purchase is to be determined by tho character of tho conveyance, and is not affected by the character of the estate conferred on tho city in cases of appropriation.
General authority was conferred on the city, by its special charter, to establish and regulate markets and market-places; and the same authority exists under the general municipal corporation act now in force. This is a continuing power; and its exercise at one period, by establishing a market-place and erecting a market-house in a particular locality, will not prevent the city council *569 from removing such building, or abandoning such locality for market jmrposes.
Independent, therefore, of any supposed trust, the fact that the city was allowed by the decree to remove the market-house constitutes no ground for error. The record fails to show any threatened abuse of corporate authority. For *aught [599 that appears, the act sought to be enjoined would subserve the general convenience and welfare of the inhabitants of the city. And whatever rights, under special circumstances, adjacent proprietors, and others having property injuriously affected, may have, an order for the removal of a market-house, or for the' abandonment of a particular locality for market purposes, by the city council, in the reasonable exercise of the discretion vested in it by law, constitutes no ground for tax-payers, as such, to prevent by injunction the execution of such order.
At the time the portion of the property was acquired that was conveyed to the city by absolute deed, being the east half of the strip seventy-five feet wide, it is apparent from the ordinances on the subject, that the object of the city in obtaining the property was to enlarge the market-space, and to erect thereon a market-house. Proceedings were commenced to condemn the property, but they were not consummated. They resulted in the purchase of the property by, and conveyance to, the city, as already stated. The purpose of the city in making the purchase can not be made to limit or qualify the estate granted ; nor will the fact that it was subsequently so used have that effect. In establishing and maintaining a market on the property, the corporation was only exercising its proprietary rights therein; and the claim that such use of the property for the period of forty years constitutes a dedication of the property to the public for market purposes, is without foundation.
The bill of exceptions shows that part of the purchase money was furnished by private individuals. Who they were does not appear. They are referred to as parties who, at the time, were interested. But whatever rights such persons might have against the city, in ease the property should be used for other purposes than were'in contemplation at the time of its purchase, we think it gives no right to other citizens to interfere to prevent its being used for any legitimate municipal purpose.
We do not understand it to be claimed that the granting permission for the erection of the proposed fountain will, be an abuse of *570 570] corporate power, if it is found that the property *to be devoted to this purpose is held by the city free from the supposed trust. The square in which it is to be located is to be continued as a public market-space. The decree below finds that the fountain will not interfere with the use of the grounds for such purpose; and if it were deemed material to l’eview the finding, we see nothing in the evidence that would lead us to doubt its correctness.
"We suppose that under the power given to supply the city with water, and to improve and regulate all public grounds, squares, and market-spaces, the power of the city to supply water is not doubted. The fact that the structure is to be an expensive work of art can make no difference, as it is to be erected without expense to the city.
Reference is made in the argument of plaintiffs’ counsel to certain provisions in the ordinance, in the nature of stipulations between Mr. Probasco and the city, which are claimed by counsel to be ultra vires as respects the city.
We do not feel called upon to consider the validity of these objections in the present case. They are not set up in the pleadings, and, under our view of the case, we do not regard them as affecting the judgment sought to be reviewed.

Leave refused.

Day, C. J., and Brinkerhoff, Scott, and Welch, JJ., concurred.